CHILCOTT, Respondent, v. REA et al., Appellants.

(No. 3,612.)

(Submitted February 16, 1916.  Decided March 7, 1916.)

[155 Pac. 1114.]

*Animals—Sheep — Trespassing—Fences—Instructions—Costs—*
*Witnesses—Mileage.*

Animals—Trespassing—Fences.
  1.  To enable an owner of land to recover for damage done thereto
  by a band of sheep straying thereon while being moved across country,
  he need not show that the land was inclosed with a legal fence or that
  the trespass was the result of the willful and intentional act of the
  defendant.

Same—Want of Legal Fence—Trespassing—Absence of Liability.
  2.  Where animals which may lawfully run at large are turned loose
  on the public range or highway, and, following their own inclinations,
  invade premises not inclosed with a legal fence, no cause of action
  arises.

Same—When Owner Liable.
  3.  Where animals are held in herd, their movements being directed· or
  controlled by their owner or his employees who know, or are charge-
  able with knowledge of, the boundaries of adjacent private property,
  and they invade such property through either the willful act or the
  negligence of either, such invasion is an actionable trespass, and the·
  want of a legal fence is immaterial.

Requested Instruction—Refusal, when not Error.
  4.  Refusal of a requested instruction is not error where another cover-
  ing the same matter is given.

Costs—Witnesses—Mileage.
  5.  The mileage of witnesses in civil actions allowed litigants by sec-
  tions 7169 and 3182, Revised Codes, is limited to travel within the state.

  [As to trespassing animals and the law in respect to them, see note
  in 81 Am. St. Rep. 446.]

*Appeal from District Court, Yellowstone County; Geo. W.*
*Pierson, Judge.*

Action by O. S. Chilcott against William Rea and others,
copartners doing business under the firm name and style of
Pryor Sheep Company.  Judgment for plaintiff and defend-
ants appeal from it and an order denying a new trial.  Order
affirmed; judgment modified and affirmed.

On lack of division fence as affecting liability for trespassing cattle, see
note in 22 L. R. A. 60.
  As to liability for trespass on unfenced land by livestock being driven
along the highway, see note in 12 L. R. A. (n. s.) 912.

*Messrs. Johnston & Coleman,* for Appellants, submitted a brief; *Mr. Wm. M. Johnston* argued the cause orally.

The court erred in refusing to tax the costs of the witness A. M. Goodrich. It allowed the plaintiff fees for "hotel bill, sleeper, expenses and railroad fare" of Goodrich from Topeka, Kansas, to Billings. The witness was entitled only to his *per diem* of three dollars per day and mileage within the state of Montana. (Secs. 3182, 7169, Rev. Codes; 11 Cyc. 120; *Fish* v. *Farwell,* 33 Ill. App. 242; *Melvin* v. *Whiting,* 30 Mass. (13 Pick.) 184; *Howland* v. *Lenox,* 4 Johns. (N. Y.) 311; *Crawford* v. *Abraham,* 2 Or. 163; *Anderson* v. *Ferguson-Bach Sheep Co.,* 12 Idaho, 418, 10 Ann. Cas. 395, 86 Pac. 41; *Whitehead* v. *Breckenridge,* 5 Ind. Ter. 133, 82 S. W. 698.)

The complaint fails to state a cause of action. In order to set up a cause of action in such a case, the complaint must either show that the lands were inclosed with a legal fence or that the trespass was the result of the willful, intentional act of the defendants; in short, such an action cannot be based upon ordinary negligence. (*Merritt* v. *Hill,* 104 Cal. 184, 37 Pac. 893; *Walker* v. *Bloomingcamp,* 34 Or. 391, 43 Pac. 175, 56 Pac. 809; *Hardman* v. *King,* 14 Wyo. 503, 85 Pac. 382; *Campbell* v. *Bridwell,* 5 Or. 311; *White* v. *Steele,* 5 Ala. App. 532, 59 South. 713; *Larkin* v. *Taylor,* 5 Kan. 433; see, also, *Chase* v. *Chase,* 15 Nev. 259, 262; *Moore* v. *Pierson* (Tex. Civ.), 93 S. W. 1007; *Martin* v. *Platte Valley Sheep Co.,* 12 Wyo. 432, 76 Pac. 571, 78 Pac. 1093; *Wingrove* v. *Williams,* 6 Kan. App. 262, 51 Pac. 52; *Jones* v. *Blythe,* 33 Utah, 362, 93 Pac. 994; *Thomas* v. *Blythe,* 44 Utah, 1, 137 Pac. 396.)

*Mr. John G. Skinner* and *Messrs. Nichols & Wilson,* for Respondents, submitted a brief; *Mr. Carl J. Skinner* argued the cause orally.

The cases cited by appellant are all cases based upon willfully and intentionally herding cattle or sheep upon private property, in some cases over the objection of the owner. While in the case at bar we contend that the herders negligently permitted

the sheep to commit the trespass, we contend also that while the defendants had a right to the use of the highway for the purpose of moving their band of sheep to the Clawson ranch, they did not have the right to pasture their sheep on the highway. And we contend also that the plaintiff in this case was entitled to the grass and herbage growing on the highway adjacent to his land. If the cattle turned on the highway, for the purpose of grazing, escape into the adjoining close, the owner of the cattle cannot avail himself of the insufficiency of the fences, in excuse of the trespass. (*Stackpole* v. *Healy,* 16 Mass. 33, 8 Am. Dec. 121; *Montgomery* v. *Handy,* 63 Miss. 43; *Finley* v. *Bradley* (Tex. Civ.), 21 S. W. 609.) "Where custom requires fencing against cattle, not against sheep, one whose crops are injured by reason of the negligence of defendants' herder and sheep may recover therefor though his lands were not fenced against sheep. (*Willard* v. *Mathesus,* 7 Colo. 76, 1 Pac. 690.)"

The common-law rule prevails in this state. At common law every man was bound, at his peril, to confine his cattle to his own land, and if he failed to do so, he was liable for any trespass they committed on the lands of another. (*Indianapolis etc. R. Co.* v. *Harter,* 38 Ind. 557; *Wells* v. *Beal,* 9 Kan. 597; *Little* v. *Lathrop,* 5 Me. 356; *Richardson* v. *Milburn,* 11 Md. 340; *Vandegrift* v. *Rediker,* 22 N. J. L. 185, 51 Am. Dec. 262; *Gregg* v. *Gregg,* 55 Pa. St. 227; *Tonawanda R. R. Co.* v. *Munger,* 5 Denio (N. Y.), 255, 49 Am. Dec. 239; *Lorance* v. *Hillyer,* 57 Neb. 266, 77 N. W. 755; *Bulpit* v. *Matthews,* 145 Ill. 345, 22 L. R. A. 55, 34 N. E. 525.) The cattle owner was generally liable for every trespass committed by his animals. (*Eames* v. *Salem etc. R. R. Co.,* 98 Mass. 560, 96 Am. Dec. 676; *Baltimore etc. Ry. Co.* v. *Lamborn,* 12 Md. 257; *Noyes* v. *Colby,* 30 N. H. 143; *Rossell* v. *Cottom,* 31 Pa. St. 525.) And it is immaterial whether the land trespassed upon is inclosed by a defective fence or no fence at all. (*Stewart* v. *Benninger,* 138 Pa. St. 437, 21 Atl. 159; *Harrison* v. *Brown,* 5 Wis. 27; *Tonawanda R. R. Co.* v. *Munger,* 5 Denio (N. Y.), 255, 49 Am. Dec. 239; *Wells* v. *Howell,* 19 Johns. (N. Y.) 385.) The question

of fencing is unimportant so far as the land owner is concerned, since it is the cattle owner's duty to keep his animals confined and prevent them from trespassing on the lands of another. The question of inclosing land is, therefore, seldom found to be treated in the discussion of the common-law doctrine. (*Jackson* v. *Rutland etc. R. R. Co.*, 25 Vt. 150, 60 Am. Dec. 246.) A land owner is under no obligation to fence his lands, even along the highway. (*Chambers* v. *Matthews*, 18 N. J. L. 368; *Jackson* v. *Rutland etc. R. R. Co.*, 25 Vt. 150, 60 Am. Dec. 246.) And while it seems that a cattle owner, who is lawfully driving his cattle along the highway, is not subject to liability for an unavoidable and accidental trespass upon uninclosed lands bordering thereon (*Tonawanda R. R. Co.* v. *Munger*, 5 Denio (N. Y.), 255, 49 Am. Dec. 239; *Chambers* v. *Matthews*, 18 N. J. L. 368), yet the right to drive cattle over the highway gave no right to pasture such cattle, even in the highway, since by so doing the owner of the cattle was infringing upon the rights of the owner of the soil and freehold. Cattle have only the right of passage upon the highway, and if they are there for any other purpose, they are trespassing. (*Jackson* v. *Rutland etc. R. R. Co.*, 25 Vt. 150, 60 Am. Dec. 246.)

MR. JUSTICE SANNER delivered the opinion of the court.

The questions presented by these appeals are: (1) Sufficiency of the complaint; (2) sufficiency of the evidence; (3) the propriety of certain rulings in the admission of evidence, in the giving of plaintiff's offered instruction numbered 1, and in the refusal of defendants' offered instructions 3, 4, 6, 7, 8 and 11; (4) the allowance of a certain item of costs.

1. The complaint alleges ownership in the plaintiff of certain land, a portion of which had been reserved for pasture and upon five acres of which he had growing 100,000 young orchard trees; that defendants are sheepmen; that on a certain day "the defendants were moving a large band of sheep across the country and in the vicinity of plaintiff's said land, and while so doing, and while said sheep were under their control, they negligently

permitted said sheep to roam over and upon plaintiff's land and to trespass thereon," in consequence of which plaintiff's pasture was consumed and 50,000 of his orchard trees were destroyed, to his damage in the sum of $7,570. The contention is that [1] no right to recover for depredations of this sort can be based upon ordinary negligence, but "the complaint must either .show that the lands were inclosed with a legal fence, or that the trespass was the result of the willful, intentional act of the defendants." We cannot assent to this. The right to restrain or recover for trespasses committed under the circumstances pleaded in the present complaint is recognized in *Herrin* v. *Sieben*, 46 Mont. 226, 127 Pac. 323, and cases there cited, as well as by the supreme court of the United States in *Lazarus* v. *Phelps*, 152 U. S. 81, 38 L. Ed. 363, 14 Sup. Ct. Rep. 477, and *Light* v. *United States*, 220 U. S. 523, 55 L. Ed. 570, 31 Sup. Ct. Rep. 485.

. 2. The answer denies the negligence alleged, admits that some sheep belonging to defendants strayed upon the plaintiff's land, and pleads affirmatively that said land was not inclosed with a legal fence, that said sheep "got beyond the control of the employees of the defendants" and were not driven on to said land or knowingly permitted to remain there by the defendants or by those in charge of said sheep. As regards the want of [2] a legal fence, the rule is that where animals which may lawfully run at large are turned loose upon the public range or highway, and, following their own inclinations, invade premises which are not inclosed with a legal fence, no cause of action arises from such invasion. We can also see that in the case of animals held in herd, where negligence is charged to the owner of such animals, and where it is claimed by him that the nonexistence of a legal fence was a factor in the control by him of such animals, the absence of a fence or its nonlegal character might be material upon the question of his negligence; [3] but where animals are held in herd, their movements being directed or controlled by their owner or his employees who know, or are chargeable with knowledge of, the boundaries of adjacent

private property, and they invade such property through either the willful act or the negligence of their owner or his employees, such invasion is an actionable trespass, and the want of a legal fence is not material. In the present case no claim is made that the nonlegal character of the fence had anything to do with the control of the sheep, and there is no testimony to justify the inference that they did in fact get beyond control. The only question upon the evidence, therefore, is whether the defendants' negligence was *prima facie* established by the plaintiff.

Briefly stated, the case made is as follows: On the day in question, the defendants' sheep, to the number of about 5,000, in charge of two herders and accompanied by a foreman and some dogs were being driven to a place called Clawson's ranch, which adjoins the land of plaintiff. They had been on the way without feed since morning, but there was feed for them at Clawson's ranch. They were traveling a lane from which the plaintiff's land was separated by a three-wire fence. This land consisted of a pasture within which, separately inclosed by a two-wire fence, was a five-acre nursery tract upon which about 100,000 apple trees were growing. When the sheep were within about a half mile of their destination, darkness fell, and the foreman, deeming it impossible to drive them farther, ordered them bedded down in the lane, making no provisions for feeding them there. He then left without waiting to see if his orders were carried out, and spent the night at Clawson's. The next morning it was ascertained that the sheep had passed over the plaintiff's land, eaten the pasture, and destroyed the greater portion of the nursery. The physical evidences upon the ground indicated, not that a portion of the sheep had strayed, but that the whole band had left the lane and gone across the plaintiff's land. One witness says the nursery looked as if they had been bedded there, and they were seen on the plaintiff's land next morning being driven by the herders toward the feeding ground at Clawson's. The foreman being advised by one of his subordinates of what had occurred, expressed regret, saying that he did not know that any nursery stock was there.

The herders did not testify either in person or by deposition. We think this was sufficient, *prima facie*, to sustain the charge of negligence. It tends to show that the sheep were at least permitted to proceed as they did; and, since the precautions taken to leave them in charge of two herders and some dogs were presumably sufficient with diligence to control the band, the passage of the sheep across the plaintiff's land and his consequent damage must be attributed either to the willful act or the lack of diligence on the part of defendants' agents. As to the amount of damage, the evidence was conflicting; the verdict, however, is well within the range of even a moderate compromise between the extreme views expressed by the witnesses upon this subject.

3. We find no reversible error in the rulings complained of touching the admission of evidence. The propriety of the court's instruction numbered 1 and of the refusal of defendants' offered instructions numbered 3 and 4 follows from what is said above. Offered instructions numbered 6 and 7, so far as correct, were fairly covered. Offered instruction No. 11 is incorrect in point of fact. As to offered instruction No. 8, the court cannot be put in error for its refusal in view of what is [4] said in *State* v. *Penna*, 35 Mont. 535, 545, 90 Pac. 787, and in view of the fact that it was covered by given instruction No. 7. We may remark, however, that this instruction No. 7 given at the instance of defendants is incorrect and has been repeatedly condemned.

4. Among the costs allowed to the plaintiff is an item of $67.70 [5] for mileage of a witness who came to Billings from Topeka, Kansas, to testify. The record shows that he came by way of Chicago, Burlington & Quincy Railway, which is the most direct route, and which leaves the state at a point 105 miles from Billings. The claim is that this mileage should have been reduced to $21, without any allowance for "hotel bill, sleeper, expenses and railroad fare." We think this is correct. The only costs allowed the successful litigant on account of witnesses are their "legal fees, including mileage" (Rev. Codes,

sec. 7169), and these are: For each day of attendance, $3; for mileage in traveling to and from the place of trial, 10 cents per mile. (Rev. Codes, sec. 3182.) While section 3182 itself expresses no restrictions, and while the authorities are in conflict as to whether in civil actions mileage is allowable beyond the state line, we are nevertheless convinced that since recoverable costs are always limited to such as are necessarily incurred, and since the process of this state has no validity beyond its boundaries, and since ample provisions exist for taking the depositions of witnesses who reside without the state, the mileage allowable in civil actions as contemplated by the sections above referred to is mileage within the state. (11 Cyc. 120; 7 Ann. Cas. 164.)

The order appealed from is affirmed and the cause is remanded to the district court, with directions to correct the judgment by reducing the mileage allowed the witness Goodrich to $21, and as so modified the judgment will stand affirmed.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.