No. 80-135

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

BOZEMAN PARKING COMMISSION,

          Plaintiff and Respondent,

    vs.

FIRST TRUST CO. OF MONTANA, as
Trustee for JEAN M. STIMSON, Trust,

          Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
          In and for the County of Gallatin.
          Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Bolinger, Higgins and Andes, Bozeman, Montana

    For Respondent:

        Berg, Morgan, Coil and Stokes, Bozeman, Montana

---

          Submitted on briefs: August 13, 1980

                  Decided: SEP 9 - 1980

Filed: SEP 9 - 1980

        *Thomas J. Kearney*
                     Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by First Trust Company of Montana, (First Trust), as trustee for Jean M. Stimson Trust from a judgment of condemnation granted to Bozeman Parking Commission, (Bozeman), by the District Court, Eighteenth Judicial District, Gallatin County, and from an order of that court denying necessary expenses of litigation. We hold that First Trust is entitled to recover its necessary expenses of litigation and that the judgment of condemnation should stand.

Plaintiff is a municipal entity created by the City of Bozeman, Montana, and endowed by statute with the power of eminent domain. Section 7-14-462(2), MCA. First Trust, as trustee, is the owner of certain real property in the original town site which Bozeman seeks to condemn for the establishment of a public off-street parking facility.

We will first treat the issue raised by First Trust that the District Court should have granted its motion to dismiss the action entirely.

After the preliminary condemnation order was entered by the District Court, commissioners were appointed to determine the value of the taking. They returned their report on August 21, 1979, determining that First Trust should be paid $155,000. The clerk of the District Court mailed to the attorneys of record for the parties a copy of her minutes for August 21, 1979, which stated with respect to their findings:

> "The verdict was given to the Clerk with Orders
> to file same, the Commissioners were excused by
> the Court and stated that they would be mailed a
> check for their services."

No notice of the filing of the award, together with a true copy of the commissioners' report, was served by the clerk upon the parties in the same manner as a summons as

required by section 70-30-303(1), MCA.

Section 70-30-304(1), MCA, provides that the time for either party to appeal is within thirty days after the service upon the appealing party of the notice of the filing of the award. Since the service required by statute was not made in this case, the triggering incident for starting the time running for appeal from the commissioners' award never occurred. No judgment based upon the commissioners' report had been entered by the District Court when, on October 23, 1979, First Trust filed its motion to dismiss the action in its entirety upon the contention that First Trust had not been paid the amount of the commissioners' award, and an execution could not be made upon the municipality.

The District Court held a hearing on the motion to dismiss and on December 7, 1979, entered its findings and conclusions, in essence deciding that no final judgment had occurred in the case because of the failure of the District Court clerk to send a notice of the commissioners' award, together with a true copy of the report, upon the parties in the manner required by section 70-30-303(1), MCA. As a result of the hearing, however, the notice of filing of the report of the commissioners was duly served by the District Court clerk on December 11, 1979. Thereafter, no appeal was taken within thirty days by either party.

It is the contention of First Trust that the thirty-day period to appeal the commissioners' verdict began to run upon the entry of the report and the actual notice thereof to the parties on August 21, 1979. The applicable statutes, however, are not open to that construction. It is the duty of the District Court clerk, as we have said, to notify all

-3-

interested parties that the report has been filed by a notice accompanied by a true copy of the report, which must be served upon the interested parties in the same manner as a summons. Section 70-30-303(1), MCA. Immediately following that section, with respect to an appeal to the District Court from the commissioners' assessment, section 70-30-304 (1), MCA, provides in pertinent part:

> ". . . Such appeal must be taken within the period of 30 days <u>after the service upon appellant of the notice of the filing of the award</u> by the service of notice of such appeal upon the opposing party or his attorney . . ." (Emphasis added.)

The only statutory provision for service of the commissioners' award is that found in section 70-30-303(1), MCA. Section 70-30-304, MCA, can have no reference to any nonstatutory method of service, nor even to actual knowledge of the parties, that the comissioners' award has been filed. The statutory purpose of requiring the clerk to serve the notice of the commissioners' award is to provide a definitely ascertainable time contained in the records of the District Court which marks the start of the time for appeal. When the statutory procedure is properly followed, nothing is left to chance as to the start of the running of the time for appeal.

If actual notice or nonstatutory service of such notice is to be regarded as triggering the time for appeal, too much is left to chance and to the subjective impressions of the parties or their attorneys. In this case, therefore, the time for appeal from the commissioners' award did not begin to run until the notice served by the clerk was properly completed on December 11, 1979. On the date that First Trust moved to dismiss the appeal, October 23, 1979, the

commissioners' award was merely filed and nothing statutorily had occurred to trigger the running of the time for appeal. The District Court properly determined that no final judgment was then pending. There was no legal duty upon Bozeman at that time to make payment to First Trust. It is only when a condemnor has failed to make payment of a final judgment that the condemnee is entitled to an order of dismissal of the action under section 70-30-308(2), MCA.

The second issue is whether First Trust is entitled to the necessary expenses of litigation which it incurred in this condemnation case.

There is no dispute between the parties that Bozeman made a final offer to First Trust of $110,000 and a conditional short-term offer of $140,000. The eventual award as we have stated was $155,000.

On December 18, 1979, First Trust filed and served its motion for taxation of costs and attorney fees in the condemnation litigation. When this motion was filed, the thirty-day time for appeal was still running since the notice by the District Court clerk of the report of the commissioners was served on December 11, 1979. Moreover, no final judgment or order of condemnation had been entered. The District Court on January 23, 1980, denied the motion for taxation of costs and attorney fees. On January 24, 1980, the District Court entered its final order of condemnation in the case. The final order noted that Bozeman had paid and deposited with the court clerk all sums due by reason of the commissioners' award and that no appeal from the assessment of the commissioners' had been taken within thirty days. Notice of entry of judgment was served on the same day by the clerk. On January 25, 1980, First Trust, without renewing its

motion to tax costs and attorney fees after the entry of final judgment, filed a written offer of proof of the costs which were incurred in the litigation. The District Court held a hearing on the written offer, and on February 7, 1980, accepted in full as reasonable and necessary expenses of litigation the items set forth therein.

The condemnee is entitled to his necessary expenses of litigation "in the event of litigation and when the private property owner prevails by receiving an award in excess of the final offer of the condemnor." Section 70-30-305(2), MCA. When First Trust filed its motion on October 23, 1979, to tax costs and attorney fees, it was not entitled to a judgment on the award of the commissioners because the time for appeal had not began to run on the day that the motion was filed. The District Court, therefore, properly denied the motion.

However, it is the contention of Bozeman that First Trust is not entitled in any event to attorney fees and costs. Bozeman reads section 70-30-305, MCA, to mean that an appeal from the commissioners' award must be perfected by one of the parties, and thereafter, within thirty days the condemnor must submit to condemnee a written final offer of judgment. If these events do not occur, Bozeman contends that then there is no right to attorney fees and expenses of litigation under section 70-30-305, MCA.

If this contention were accepted, any condemnor could avoid the payment of necessary expenses of litigation to the condemnee simply by not appealing from a commissioners' award. This cannot be the result in light of the constitutional provision in 1972 Mont. Const., Art. II, §29, which provides with respect to eminent domain, in part:

-6-

". . . In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails."

The legislature, in adopting section 70-30-305(2), MCA, used nearly the same language as the constitutional provision, providing:

"In the event of litigation and when the private property owner prevails by receiving an award in excess of the final offer of the condemnor, the court shall award necessary expenses of litigation to the condemnee."

Under the constitutional clause, there are only two conditions necessary to entitle the condemnee to litigation expenses. They are (1) litigation, and (2) the private property owner prevailing. The legislature simply explained this constitutional provision in section 70-30-305(2), MCA, when it provided that the private property owner prevailed when he received an award in excess of the final offer of the condemnor. Whether we look at the statute or the constitutional provision, no simpler statement of the condemnee's right to litigation expenses can be made than: if he prevails in litigation, he is entitled to recover his expenses. Those conditions are fully met here, and if on remand the condemnee moves the District Court for such necessary litigation expenses, it will be entitled to those expense amounts already accepted by the District Court in the offer of proof. Thus, the constitutional intent will be served and the evident legislative intent also.

First Trust raises a constitutional issue claiming that section 70-30-305, MCA, is unconstitutional if the condemnee's right to litigation expenses was limited to those situations where an appeal had been taken from the commissioners' award. In view of our holding foregoing, there is no need to reach the constitutional issue. In any event,

the constitutional issue is not raised properly under Rule 38, M.R.App.Civ.P.

One final issue raised by First Trust requires discussion.

On November 1, 1979, Bozeman deposited with the clerk of the District Court its warrant in the amount of $156,860, representing the commissioners' award plus interest. The warrant was made payable to First Trust. First Trust's contention is that the warrant was not a deposit of money under section 70-30-308, MCA.

At the time Bozeman deposited the warrant with the District Court, there was no legal obligation upon it as a condemnor to do so. No final judgment had been entered, as we have previously noted, and the only purpose of a deposit in this case at that time would be to make available to First Trust monies which could be used to satisfy a final judgment under section 70-30-308, MCA. First Trust is correct that section 70-30-308, MCA, requires that money be deposited instead of a warrant, but here that point is unimportant. At the time of the deposit of the warrant with the District Court clerk, First Trust was not entitled to payment because a final judgment had not been entered.

There is no requirement for a deposit of money with the District Court under our statutes dealing with eminent domain until it is necessary that the condemnor make payment of a final judgment, with one exception. The exception is when the condemnor seeks an interlocutory order putting the condemnor in possession of the condemned lands. When that occurs, the provisions of section 70-30-311, MCA, come into play and the condemnor must deposit with the District Court for the condemnee the amount of compensation claimed

by him in his answer, or the amount assessed by the commissioners or by the jury, as the case may be.

Here Bozeman had not sought an interlocutory order putting it in possession of the lands claimed. Therefore, the deposit of a warrant instead of money with the clerk of the District Court in this case did not cause any prejudice to First Trust.

The judgment of the District Court granting condemnation of this case is affirmed. The order of the District Court denying necessary litigation expenses to the condemnee is also affirmed, but the cause is remanded to the District Court so that First Trust may have an opportunity to move again for taxation of its necessary litigation expenses before the District Court. See State v. Helehan, cause no. 80-60, decided August 27, 1979, in this Court. Costs of appeal shall be borne by each party.

This case is a good example of the legal confusion which results when attorneys involved in special proceedings, such as eminent domain, do not carefully follow the statutes provided. At every stage of difficulty before the District Court, the answer lay in the provisions of the statutes. Had they been followed, there had been no need for this appeal.

_John C. Sheehy_  
Justice

We concur:

_Frank I. Haswell_  
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_  
Justices

-9-