Justice Ingrid Gustafson delivered the Opinion of the Court.
*323 ***290 ¶ 1 Appellant Mountain Water Company (Mountain Water) appeals from the November 9, 2017 order of the Fourth Judicial District Court, Missoula County, denying Mountain Water's motion for post-summons interest.
¶ 2 We restate the issue on appeal as follows:
Whether the District Court erred when it determined Mountain Water was not entitled to interest pursuant to § 70-30-302(2), MCA.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 Mountain Water operated a water delivery system located in and around Missoula, Montana. On May 5, 2014, the City of Missoula (the City) filed an amended complaint seeking condemnation of the water system. The Fourth Judicial District Court issued a Preliminary Order of Condemnation under § 70-30-206, MCA, on June 15, 2015. This Court affirmed the Preliminary Order of Condemnation in City of Missoula v. Mt. Water Co. , 2016 MT 183, 384 Mont. 193, 378 P.3d 1113.
¶ 4 On October 26, 2015, the District Court concluded that § 70-30-302(5), MCA, which provides that an award of compensation does not include improvements made to condemned property, was unconstitutional as applied to Mountain Water. Therefore, Mountain Water sought compensation for improvements made to the condemned property after May 5, 2014. A Condemnation Commissioner hearing was held in November 2015 to determine the amount of just compensation. The Commissioners determined that the fair market value of the water system, including all improvements, was $88.6 million.
¶ 5 Following the Commissioners' valuation, Mountain Water sought interest for the time period prior to the City taking possession based on the Commissioners' $88.6 million valuation. On April 6, 2016, the District Court denied an award of interest concluding the plain language of § 70-30-302(2), MCA, in conjunction with § 70-30-311, MCA, did not entitle Mountain Water to post-summons interest because the City never took interlocutory possession of the condemned property.
¶ 6 On May 3, 2016, the District Court determined Mountain Water and Carlyle were prevailing parties entitled to recover necessary ***291 expenses pursuant to § 70-30-305(2), MCA. After an evidentiary hearing, the District Court awarded Carlyle $1,111,659.94 and Mountain Water $2,800,745.57 for litigation expenses. However, Carlyle's litigation expenses remain in escrow pending the outcome of the appeal to the Montana Supreme Court.[1]
¶ 7 The City then moved for the Court to "oversee and supervise the transition of ownership and possession." The City specifically sought access to data such as customer and human resource information prior to taking possession. On January 4, 2017, the District Court granted the City limited access to Mountain Water's data to ensure a smooth transition of the public utility. However, the District Court repeatedly stated giving limited access to the City did not grant the City a possessory right in the water system. Consequently, the District Court rejected Mountain Water's argument that allowing the City access to limited data qualified as a transfer of possession pursuant to § 70-30-311, MCA.
¶ 8 On June 5, 2017, Mountain Water and the City entered into a Settlement Agreement. The Settlement Agreement provided the City would take possession of Mountain Water's condemned property simultaneously upon the City paying Mountain Water for all assets and claims[2] asserted in the condemnation action, the FBO refunds and the Carlyle Litigation Expenses. The Settlement Agreement provided the City would pay approximately $84 million, which included payment for improvements made during the pendency of the condemnation and for attorney fees and costs.
*324 ¶ 9 On June 15, 2017, the District Court entered its Final Judgment in Condemnation. The Judgment included the agreed payment method and transfer of possession between the City and Mountain Water as set forth in the Settlement Agreement. On June 22, 2017, the District Court signed the Final Order of Condemnation in open court and the City tendered its check to Mountain Water pursuant to the Settlement Agreement. The Final Order stated the City would take title and possession of all condemned assets upon the filing of the Order with the County Clerk. The Order was subsequently filed and recorded by the County Clerk.
¶ 10 On July 18, 2017, Mountain Water again sought post-summons interest and requested an evidentiary hearing. Subsequently, on ***292 November 9, 2017, the District Court denied Mountain Water's motion for statutory interest pursuant to § 70-30-302(2), MCA, for the same reasons set forth in its April 6, 2016 order. The District Court further refused to grant Mountain Water discretionary interest based on our decision in City of Billings v. Hunt , 257 Mont. 99, 847 P.2d 715 (1993). Mountain Water timely appeals.
STANDARD OF REVIEW
¶ 11 This Court reviews a district court's conclusions of law de novo to determine if they are correct. Mixed questions of law and fact, "including the district court's application of controlling legal principles to its factual findings," are reviewed de novo. Mountain Water , ¶ 20.
DISCUSSION
¶ 12 Whether the District Court erred when it determined Mountain Water was not entitled to interest pursuant to § 70-30-302(2), MCA.
¶ 13 Mountain Water argues the District Court erred because § 70-30-302(2), MCA, mandates an award of interest. Mountain Water maintains the City took possession pursuant to § 70-30-311, MCA. Mountain Water also argues the District Court improperly relied on federal law to determine Montana's statutory scheme regarding condemnation.[3] Alternatively, Mountain Water argues it is entitled to discretionary interest.
¶ 14 The City asserts the District Court correctly concluded Mountain Water was not entitled to interest pursuant to § 70-30-302(2), MCA. The City argues § 70-30-311, MCA, does not apply because the City did not make payment into court and the City did not take interlocutory possession. The City further maintains Mountain Water is not entitled to discretionary interest.
¶ 15 The Fifth Amendment to the United States Constitution prohibits governmental entities from taking private property for public use under the power of eminent domain without paying "just ***293 compensation." Similarly, the Montana Constitution prohibits the taking or damaging of private property for public use "without just compensation to the full extent of the loss having been first made to or paid into court for the owner." Mont. Const. art. II, § 29. "A taking does not occur until: (1) legal title vests in the condemnor, (2) the condemnor enters into actual possession, or (3) the condemnor takes constructive possession either by causing damage to property or by depriving the owner of full beneficial use of his land." Mt. Water Co. v. Dep't of Revenue , 2017 MT 117, ¶ 15, 387 Mont. 394, 394 P.3d 922 (citing City of Billings , 257 Mont. at 103, 847 P.2d at 717-18 ).
¶ 16 For the purposes of assessing compensation, the right to compensation is considered to have accrued at the date of the service of the summons, and the property's fair market value as of that date is the measure of compensation for all property to *325 be actually taken or injuriously affected. Section 70-30-302(1), MCA. Additionally, § 70-30-302(2), MCA, allows interest from the date of the service of the summons if certain conditions are met. Section 70-30-302(2), MCA, in relevant part, provides:
If an order is made allowing the condemnor to take possession, as provided in ... 70-30-311, the full amount finally awarded must draw interest at the rate of 10% a year from the date of the service of the summons.
¶ 17 Section 70-30-302(2), MCA, assesses interest when the process described in § 70-30-311, MCA, puts a condemning plaintiff into possession of the condemned property. K&R P'ship v. City of Whitefish , 2008 MT 228, ¶ 64, 344 Mont. 336, 189 P.3d 593.
¶ 18 Section 70-30-311(1), MCA, provides:
At any time after the filing of the preliminary condemnation order pursuant to 70-30-206 ... and while it retains jurisdiction, the court upon application of the condemnor may make an order that:
***294 (a) upon payment into court of the amount of compensation claimed by the condemnee in the condemnee's statement of claim of just compensation under 70-30-207 or the amount assessed either by the commissioners or by the jury, the condemnor is authorized:
(i) if already in possession of the property of the condemnee that is sought to be taken, to continue in possession; or
(ii) if not in possession, to take possession of the property and use and possess the property during the pendency and until the final conclusion of the proceedings and litigation.
¶ 19 Section 70-30-311, MCA, is an exception requiring the condemnor to make payment prior to a final judgment payment. This exception is when the condemnor seeks an interlocutory order putting the condemnor in possession of the condemned property. Bozeman Parking Comm'n v. First Trust Co ., 190 Mont. 107, 113-14, 619 P.2d 168, 172 (1980).
¶ 20 Determining whether Mountain Water is entitled to interest pursuant to § 70-30-302(2) and § 70-30-311(1), MCA, is a question of statutory interpretation. Accordingly, we are guided by the long-held maxim that legislative intent must first be determined from the plain words used in the statute, and when that is possible no other means of interpretation are proper. State v. Cooksey , 2012 MT 226, ¶ 32, 366 Mont. 346, 286 P.3d 1174. The court's role is to ascertain and declare what is in "terms or in substance contained" in a statute, and "not to insert what has been omitted or omit what has been inserted." Section 1-2-101, MCA.
¶ 21 The District Court's interpretation of the statutes is correct; § 70-30-302(2), and § 70-30-311, MCA, are meant to be read together. Section 70-30-302(2), MCA, requires a condition precedent before awarding interest. This condition precedent occurs when the condemnor takes possession prior to the final condemnation order. Based on the plain language of § 70-30-302(2), MCA, we reject Mountain Water's argument that § 70-30-302(2), MCA, mandates interest regardless of the condition precedent of acquiring possession under § 70-30-311, MCA.
¶ 22 We next turn to whether the City obtained possession under § 70-30-311, MCA. Section 70-30-311(1), MCA, allows a condemnor to take possession of the condemned property before final judgment is entered. Bozeman Parking Comm'n , 190 Mont. at 113-14, 619 P.2d at 172. The statute provides: (1) if the condemnor makes a payment into court of either condemnee's statement of claim of just compensation or the amount assessed by either the commissioners or the jury, then (2) the ***295 condemnor may maintain or obtain possession of the condemned property during the pendency and until the final conclusion of the proceedings and litigation. Section 70-30-311(1)(a)(i)-(ii), MCA. For the reasons stated below, we conclude the City did not obtain possession through § 70-30-311, MCA.
¶ 23 At the outset, we determine the City did not take possession through a court order pursuant to § 70-30-311(1), MCA. The City took possession based on the agreed upon method in the Settlement Agreement. In K&R P'ship , we determined that when *326 two parties voluntarily entered into an agreement which granted possession of the condemned property to the condemnor, the transfer of possession did not fall within the parameters of § 70-30-311, MCA. K&R P'ship , ¶ 65. Here, the City took possession as the parties agreed to in the Settlement Agreement. The City did not take possession of the condemned property as set forth in § 70-30-311, MCA.[4]
¶ 24 We are further unpersuaded by Mountain Water's arguments that the City obtained possession of the condemned property under § 70-30-311, MCA. First, the predicate condition of § 70-30-311, MCA, required the City to make payment into court of either the condemnee's statement of claim or as decided by the commissioners or by the jury. Section 70-30-311(1)(a), MCA. As set forth in the Settlement Agreement, the City paid Mountain Water directly. The City did not make a payment into court. Furthermore, the amount paid to Mountain Water was neither the amount in its statement of claim or as decided by the commissioners. The amount paid to Mountain Water was an agreed upon amount as set forth in the Settlement Agreement. Therefore, the record is clear the City did not make a payment into court as required by § 70-30-311(1)(a), MCA.
¶ 25 Second, an order issued under § 70-30-311, MCA, would have put the City in actual possession of the condemned property during the pendency and until the final conclusion of the proceedings. Section 70-30-311(1)(a)(ii), MCA. It is clear the City took possession only after the final conclusion of the proceedings. We have previously held Mountain ***296 Water retained "continuing possession of the property pending a final order of condemnation .... Mountain Water continues to own and possess the property and to be responsible for the taxes until the transfer of title by entry of a final order." Dep't of Revenue , ¶ 17. Until the entry of the Final Judgment in Condemnation, Mountain Water retained possession of the condemned property. Specifically, the Final Judgment adopted the Settlement Agreement's condition that transfer of actual possession would occur upon the City's payment directly to Mountain Water in full satisfaction of all claims. This exchange occurred on June 22, 2017, in open court. Based on the record, it is evident the City did not take possession of the condemned property prior to final judgment.
¶ 26 Inter alia, Mountain Water maintains the Final Judgment in Condemnation order is not the "final conclusion of the proceedings and litigation" because several ancillary issues remain undecided since the issuance of the Final Judgment. We disagree. The Final Judgment expressly stated the order "constitutes a final determination as to all issues raised in the City's Complaint as to the Assets and as to all matters pertaining to damages and compensation due for the taking of the Assets, except as expressly set forth herein and in the Settlement Agreement." The ancillary issues reserved within the Settlement Agreement do not prolong "final conclusion" of the proceedings because the Final Judgment of Condemnation was issued and satisfied by the parties.
¶ 27 For the above stated reasons, we conclude the City did not take interlocutory possession of the condemned property pursuant to § 70-30-311, MCA, because the City did not make a payment into court and the City did not obtain actual possession until the final conclusion of the proceedings. As such, the District Court did not err in concluding Mountain Water failed to satisfy § 70-30-311, MCA, which would have entitled it to statutory interest as set forth in § 70-30-302(2), MCA.
¶ 28 Mountain Water further argues it is entitled to discretionary interest as set forth in our decision in City of Billings . In City of Billings , the City of Billings sought to condemn property near the airport. A *327 preliminary order of condemnation was issued and a jury determined fair market value. City of Billings , 257 Mont. at 101, 847 P.2d at 716. On appeal, the property owners argued the district court erred by failing to instruct the jury regarding an award of interest as set forth in § 70-30-302(2), MCA.[5] ***297 City of Billings , 257 Mont. at 101, 847 P.2d at 717. We therefore addressed whether a property owner is entitled to interest because the condemnor took constructive possession of the vacant and unimproved land. City of Billings , 257 Mont. at 102-04, 847 P.2d at 717-19. We held when property owners of vacant and unimproved land are deprived of all economically viable use of their property they are entitled to interest from the date of service of the summons. City of Billings , 257 Mont. at 105, 847 P.2d at 719. Essentially, we determined the condemnor took constructive possession entitling the property owners to interest under § 70-30-302(2), MCA. We further determined that an award of interest based on constructive possession is best considered on a case-by-case basis. City of Billings , 257 Mont. at 104-05, 847 P.2d at 719.
¶ 29 City of Billings is clearly distinguishable. In City of Billings , the condemned property was vacant and unimproved land where the owners were completely deprived of all economical use upon the date of service of the summons. City of Billings , 257 Mont. at 102-03, 847 P.2d at 717. Here, the City did not take constructive possession of the condemned property. The condemned property was a developed public utility and the property owner, Mountain Water, was entitled to all economic use including revenue derived from the property during the condemnation proceedings. Significantly, Mountain Water was compensated for any improvements made to the property during the proceedings because the District Court determined § 70-30-302(5), MCA, was unconstitutional as applied to Mountain Water. Consequently, Mountain Water was not completely deprived of all economical use of its property. Therefore, City of Billings is not applicable under the circumstances. We conclude the District Court did not err in denying Mountain Water's request for discretionary interest.
CONCLUSION
¶ 30 We hold the District Court did not err in concluding Mountain Water was not entitled to statutory interest pursuant to § 70-30-302(2), MCA, when read in conjunction with § 70-30-311, MCA. Specifically, the City did not take interlocutory possession of the condemned property prior to final conclusion of the condemnation proceedings. We further hold Mountain Water was not entitled to discretionary interest.
¶ 31 Affirmed.
We concur:
MIKE McGRATH, C.J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
LAURIE McKINNON, J.

City of Missoula v. Mt. Water Co ., DA 17-0272.

However, Mountain Water reserved certain claims, such as this appeal for statutory interest.

Mountain Water alleges the District Court improperly relied on Kirby Forest Indus. Inc. v. United States , 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984), to determine whether it was entitled to statutory interest under Montana's condemnation law. The District Court relied on Kirby to dispute that an award of interest is an appropriate method to compensate Mountain Water for any post-valuation appreciation. Kirby , 467 U.S. at 17-18, 104 S.Ct. 2187 (stating compensation for post-valuation appreciation is more appropriate through a Rule 60(b) motion than a payment of interest). However, the District Court's November 9, 2017 order is clear. The District Court fully considered Montana's condemnation law in its decision to deny Mountain Water interest. Thus, Mountain Water's argument is without merit.

Mountain Water attempts to argue the District Court's January 4, 2017 order allowed the City to take interlocutory possession of the condemned property pursuant to § 70-30-311, MCA. It is well-established we will not address an issue raised for the first time on appeal, nor will we address a party's change in legal theory. Becker v. Rosebud Operating Servs ., 2008 MT 285, ¶ 17, 345 Mont. 368, 191 P.3d 435. Mountain Water failed to raise this argument to the District Court. Nevertheless, we agree with the District Court; allowing the City limited access to customer and human resource information did not grant the City a possessory right to the water system.

Section 70-30-311, MCA, was not at issue in City of Billings .