No. 88-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

THE CITY OF MISSOULA, a Montana Municipal Corporation,
            Plaintiff and Appellant,
      -vs-

MOUNTAIN WATER CO, a Montana Corporation,
            Defendant and Respondent,

WARREN A. BACHE, LaMARR BALDWIN, JACQUELINE D. BECK,LINDA D. DUNN,
DENNIS L. FALK, SHARON R. FRASER, GARY L. FREY, GEORGETTE GERLACK,
SHIRLEY S. GUY, BRADLEY E. HAFAR, DIANE R. HAMILTON, ARVID M. HILLER,
M. SUSAN HUNT, JERRY E. KIRKPATRICK, GERALD L. LUKASIK, LOUIS F.
McCONAUGHEY, EDMOND L. MAGONE, GARY M. MITCHELL, RAY W. MITCHELL,
RICHARD A. MORSE, MICHAEL L. OGLE, SUSAN L. ORI, TIMOTHY J. SCHWENK,
JULIE K. STANLEY, ROBERT B. WARD and BONITA L. WILDER,
            Intervenors and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:
            Dexter Delaney, MULRONEY, DELANEY & SCOTT; Missoula, MT
            Jim Nugent, City Attorney, Missoula, MT

      For Respondent:
            William Evan Jones and Sherman V. Lohn, GARLINGTON, LOHN
            & ROBINSON; Missoula, MT; Defendant/Respondent
            William H. Coldiron, Helena, MT; Intervenors/Respondents
            Dan Caderberg, Missoula, MT; Amicus Curiae

            Submitted on Briefs:   Sept. 23, 1988

            Decided: March 23, 1989

Filed:

_____
                  Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


The City of Missoula appeals from a judgment entered January 19, 1988, against the City in which the District Court, Fourth Judicial District, Missoula County, determined that the City had failed to meet its burden of proving by the preponderance of the evidence that it is necessary that the City operate the water system now owned by Mountain Water Company, and that "it is more necessary that the City take over" the Mountain Water Company operation. We affirm the District Court.

The underlying action is an eminent domain proceeding commenced by the City of Missoula to acquire by condemnation the water distribution business conducted in the Missoula area by Mountain Water Company.

This same cause was before us on appeal in City of Missoula v. Mountain Water Co. (Mont. 1987), 743 P.2d 590, 44 St.Rep. 1633, where the City was also the appellant. In that cause we affirmed in part, reversed in part, and remanded the cause to the District Court for reconsideration of certain pertinent factors.

Following the remand, the District Court determined that to comply with the order of remand, in further hearings, it would take up the following specific issues and no others:

> 1. Non-economic factors involved in whether public ownership as compared to private ownership, is necessary and, as a corollary, is more necessary.
>
> 2. What consideration must be given to out of state ownership of Mountain Water as opposed to local ownership.
>
> 3. The vote of the people and council of Missoula and related questions raised thereby. Specific sub questions:

A. The exact question which was submitted to the voters.

B. How many of the people who voted are users of Mountain Water.

C. Conversely, how many people who voted were not users of Mountain Water.

D. Whether water users outside of Missoula support the City or Mountain Water.

4. Whether ownership by City of Rattlesnake water rights is necessary for future water use and to protect the use of such rights.

Following the foregoing determination of specific issues by the District Court, the City of Missoula petitioned this Court for a writ of supervisory control, objecting to the limitations. This Court denied the issuance of such a writ. Thereafter, the matter came on for trial before the District Court on December 9, 1987.

At the December 9, 1987 hearing, the District Court received evidence from both parties and denied evidence offered by the City which the City preserved by means of offers of proof. On January 19, 1988, the District Court entered its "additional findings of fact, conclusions of law and judgment, after remand" and entered a judgment thereon. From that judgment the City has appealed.

The findings and conclusions of January 19, 1988, include matters taken in evidence at the December 9, 1987 hearing, and also from the first trial of this cause in the District Court. A resume of the facts from the first trial are found in the first Opinion of this Court, 743 P.2d at 591-592. For the purposes of the reader here, it is enough to say that Mountain Water Company is a Montana corporation operating a water distribution system serving 11,720 customers within the Missoula city limits and 4,481 outside

of the city limits. Mountain Water Company acquired the Missoula water system from Montana Power Company in 1979. On August 6, 1979, the City passed a resolution declaring its intent to acquire the water system. Five years later, in 1984, the City adopted a further resolution affirming its 1979 resolution and its interest in acquiring the water system. In late 1984, the City brought this condemnation proceeding against Mountain Water. In September, 1985, the question of co-ownership of the water system was approved by the citizens of Missoula as a ballot initiative.

We will state other facts where necessary in connection with the issues discussed hereafter.

## DID THE DISTRICT COURT ERR AS TO THE RELEVANCE AND ADMISSIBILITY OF EVIDENCE ON REMAND?

When, as in this case, this Court on appeal affirms in part the judgment of the District Court, and remands for reconsideration other parts of the appeal, those parts of the judgment which are affirmed become the law of the case and are binding upon the trial court and the parties in subsequent proceedings on remand. In Re Stoian's Estate (1960), 138 Mont. 384, 357 P.2d 41; Ivins v. Hardy (1950), 123 Mont. 513, 217 P.2d 204; Lake v. Emigh (1948), 121 Mont. 87, 190 P.2d 550. In our first Opinion in this cause, this Court found that certain findings were supported by the evidence and included "findings on public savings, on rates and charges, on cooperation between Mountain Water and the City, and on the effect of having Mountain Water's home office in Missoula." 743 P.2d at 596. With respect to the Mountain Water employees, this Court said:

> . . . The undisputed record shows that the City would make reductions in the number of personnel and also reductions in the pay scale of the remaining employees in order that the employees would be paid salaries comparable to other City

- 4 -

employees. We do not agree with the District Court conclusion that the "City's calloused plan for Mountain Water's twenty-six employees, standing alone, is enough to defeat a finding of public necessity." We hold that the effect on Mountain Water employees is one factor to be considered in determining whether the acquisition is necessary, but that factor alone is not dispositive.

743 P.2d at 595.

On remand, the District Court denied the City's offer of resolution no. 4737, from the city council of Missoula, which stated "it is _desirous_ of retaining the current Mountain Water Company employees living in Missoula County and employed in Missoula as city employees at their current wage or salary compensation with equivalent fringe benefits as established pursuant to Montana state law." (Emphasis added.)

The offered resolution represents a change in direction of 180 degrees from the evidence offered in the trial preceding our Opinion as to the effect on the Mountain Water Company employees. In that trial, part of the savings claimed by the City, if it were allowed to condemn the water company, came from specified cuts in the wages of each position held at the Mountain Water Company. The City contended that the City could reduce the pay of 20 people employed by Mountain Water by $117,656.00, and replace six Mountain Water employees at a savings of $162,983.00. It was this evidence that this Court held was "undisputed" as to reductions in the number of personnel and reductions in the pay scale. The directive of this Court on remand was that the District Court should consider the effect on Mountain Water employees as one factor to be considered. The District Court was correct in denying the admission of the offered resolution, for its admission would change in part the law of the case established in the Opinion of this Court where we

- 5 -

found that the evidence supported the findings on public savings on rates and charges and recognized the effect of having Mountain Water's home office in Missoula.

On remand, the District Court did, in fact, as directed by us, weigh the effect on employees as one factor in determining public interests. The court found:

City claims there will be substantial savings to the City resulting in the reduction in the employees' salaries and the termination of certain other employees. The Court finds City has made assumptions in arriving at these alleged savings which are unrealistic. Nor has the City proved that there will be any savings of any consequence to the City by the proposed reduction in the number of employees and the salaries of the employees remaining at Mountain Water. On the other hand, these proposals would work substantial and severe hardships upon the employees for no real gains. The employees are loyal to Mountain Water and their morale is high. They provide water to the consumers in an exemplary and economical fashion. Rather 'than being overpaid, the salaries that the employees now receive provide them with a reasonable standard of living. The public interest would not be served by such a detrimental impact upon these employees.

The City of Missoula does not attack the foregoing finding of fact on this appeal from the judgment on remand. Findings of fact may not be set aside by us unless clearly erroneous. Rule 52(a), M.R.Civ.P.

The City, however, points to two other paragraphs in this Court's Opinion before remand on which the City relies to open, in effect, the remand to a full blown new trial:

We also do not agree with the conclusion of the District Court that the "prejudicial issues" of profit and out-of-state ownership "demeans the whole process." We do not find any legal basis for excluding these facts from consideration on the issue of necessity. We conclude these issues are pertinent to the determination of whether the public interest requires the taking under §

- 6 -

70-30-111, MCA, as it has been broadly drafted and defined. In the absence of a declared policy by the Legislature giving greater or lesser weight to public ownership as compared to private ownership of a water system, these issues must be considered and weighed by the trial court on remand.

. . .

We reverse the judgment of the District Court and remand for reconsideration of all relevant factors, including the vote by the people and the City's resolution and ordinance.

743 P.2d at 596.

Purporting to act in accordance with the foregoing paragraphs, the City of Missoula offered to prove, and the District Court denied, on remand, that Mountain Water had received a rate increase from the Public Service Commission following the first trial; that Mountain Water was engaged in litigation with the Public Service Commission for further rate increases; that under City ownership $1,737,951.00 in rate increases by Mountain Water would have been avoided; that under City ownership the City would have realized $1,896,621.00 in surplus over a six year study without Mountain Water's increases; that if Mountain Water prevails in its pending Lewis and Clark County litigation, the cost to Missoula ratepayers would be an additional $350,000.00 per year; and, that testimony from its experts Howell and Young that the District Court in the first trial "incorrectly and erroneously misunderstood the City's economic proof" in certain particulars. At an oral hearing before the Court's order determining the specific issues, the City also proposed to have its witness testify as to the effect of the 1986 Federal Tax Reform Act on the ratepayers in the system.

Once again the proposed offers of proof from the City would expand the hearing on remand to a new trial and ignore

the law of the case as announced in the Opinion of this Court where we sustained the Court's findings on public savings, on rates and charges, and like material. 743 P.2d at 596.

We uphold the court's decisions on the admissibility of these types of evidence.

## DID THE DISTRICT COURT ERR IN ITS APPRECIATION OF THE NATURE OF A CONDEMNATION PROCEEDING AT THE NECESSITY STAGE?

City of Missoula contends under this caption that the District Court did not appreciate that this cause involved an "evolving economic factual situation" which must be viewed in light of all circumstances which transpired from the original economic analysis of the City which culminated in their expert's report of October, 1985, and facts which occurred up to the time of remand.

It is on this basis that the City contends that it had the right to prove the elements of evidence to which we have already averred. The argument, however, does not take into account what we have already stated in this matter: those findings of the District Court from the original trial which we found to be supported by the evidence have become the law of the case and need only be considered as factors in connection with the other factors which this Court outlined in its 1987 Opinion.

The question is novel, and we find no direct authority; but we are guided by the statutory language involving eminent domain proceedings. If the Court in this case had found that the public interest had required the taking of the interest of Mountain Water and its real property, then a preliminary condemnation order, that the condemnation may proceed, would be proper. Section 70-30-206, MCA. For the purposes of assessing just compensation thereafter, the right of the City to take the property would be deemed to have accrued at the date of the service of the summons, and its current fair

- 8 -

market value as of that date is the measure of compensation for all property to be actually taken and the basis for depreciation in the current fair market value of property not actually taken but injuriously affected. Section 70-30-302, MCA. Thus, if a condemnation order had issued in this case, Mountain Water would not be allowed to utilize its rate increases subsequent to the date of the service of summons in computing its market value. The factors, therefore, that affect the issue of necessity should, in fairness, be determined as of the same date. Principally, however, we hold here that the effort of the City to reopen the cause ignores the law of the case as established by the prior Opinion of this Court, and was properly denied.

In another instance the City offered evidence that the City claims demonstrated a lack of cooperation between the City and Mountain Water. That, too, was properly denied by the District Court because the first Opinion of this Court found the evidence supported cooperation between Mountain Water and the City. 743 P.2d at 596.

## THE DISTRICT COURT OBEYED THE MANDATE OF THIS COURT
## IN CONSIDERING OTHER FACTORS RELATING TO THE
## NECESSITY OF THE ACQUISITION

We have already set forth above the weighing by the District Court of the effect on the employees of Mountain Water. The District Court considered that effect as one of the factors, but not as the sole dispositive fact.

Another factor that this Court remanded for reconsideration by the District Court was the effect of the adoption of the resolution by the Missoula City Council, and the vote of the electorate in connection with the condemnation. This Court said:

> . . . However, we hold that upon remand the public
> interest as expressed in these votes must be

- 9 -

considered and weighed with the other factors in determining whether City acquisition of the water system is necessary. In considering the weight to be given to the votes, the court properly may consider that users outside the City could not vote or express their opinion, if those are the facts. The court may also compare the number and identity of voters with the number and identity of the water users.

743 P.2d at 596.

On remand, the District Court made extensive findings respecting the actions of the city council and of the ballot issue.

In tracing the history of the condemnation, the Court found that when the Montana Power Company, in 1979, decided to dispose of its water system, a power company representative and a representative of the holding company of Mountain Water, and the Mayor of Missoula, and members of his staff, met. The purpose was to determine if the City was interested in purchasing the company. The Court found that the City then did not express any interest in purchasing the system and eventually the other buyer acquired the system. On August 6, 1979, the City passed a resolution declaring its intent to acquire the system. No further official action was taken on the resolution until October, 1984. The evidence clearly showed knowledge by the city commission of the acquisition of the water system by Mountain Water. During the period to 1984, Mountain Water engaged in long deferred maintenance of the system. In 1984, the city council reaffirmed by resolution its intention to acquire the system and commence condemnation proceedings.

In September, 1985, a ballot initiative to stop the condemnation proceedings was put to a public vote. The question presented on the ballot was whether the City voters would prohibit the City from purchasing Mountain Water. The

- 10 -

District Court, on remand, found that the ballot was not accurate because it stated the wrong owner of the water system. Only 42 percent of all the persons registered to vote voted at the election. A total of 4,006 voted to support the City and 3,474 voted against the City. In 23 precincts within the City of Missoula which exclusively used Mountain Water, 3,339 supported the City and 2,744 voted against the City's efforts. In the 9 precincts within the City only partially served by Mountain Water, 626 supported the City and 704 supported Mountain Water. Considerable funds were spent on each side respecting the ballot issue. The District Court concluded that a turnout of 42 percent of eligible voters demonstrated that the ownership by the public was not an important issue in the minds of most city residents.

The District Court further found that it could not determine the positions of persons outside the City with certainty. It did point to a loss of substantial tax revenue to the county and the school districts as a result of the condemnation. It pointed to evidence at the first trial of a concern that the City would use the water to force annexation of areas outside the city.

Another factor which this Court directed the District Court to consider on remand was the importance of the City obtaining ownership of water rights itself, in order that the City may insure its inhabitants of long-range access to water. The District Court, in its findings on remand, found that the water from the Rattlesnake is not necessary to the system and that a more than adequate supply of water is available from existing wells. The District Court pointed to an incident in 1949 when the whole city of Missoula was without water for 11 days because the entire water system was frozen. The cause of the freezing was that the surface water

from Rattlesnake Creek, which entered the water system at temperatures as low as 31 degrees fahrenheit, had the effect of freezing the entire system. Whereas, well water, pumped from a greater depth, has a higher temperature and is more desirable because it poses less danger of freezing the whole system.

With respect to public versus private ownership of the system, the District Court found that Mountain Water would spend $1.5 million on capital improvements to the system over the next five years. The City maintained that it could operate the system with less than $0.5 million each year in capital improvements. The District Court found that projection unrealistic. If the City limited itself to $0.5 million, the result would be a steadily declining water system with problems occurring more and more frequently. The Court also found that the profit realized by Mountain Water was regulated by Montana Public Service Commission which assures that utilities will not make excessive profits at the expense of the service provided to the consumer. The profit incentive is one of the reasons for the continuing efficiency of the system of Mountain Water, its annual improvements, and the overall exemplary services provided to the consumers.

As to the City's contention that it would act in the best interests of Missoula consumers, which would not be true of an out-of-state owner of the system, the District Court pointed out that there was no evidence that Mountain Water service is less than that rendered by any other water company or that the City could give better service and that Mountain Water's quick response to the giardia infestation demonstrates a concern for the health of the citizens of Missoula who use this water.

As to whether a privately-owned company should own the water supply for the City of Missoula and whether those

rights should be controlled by the citizens themselves and their elective government, the Court found no evidence which showed that the citizens' long-range access to supplies of water would be endangered by the continued ownership by Mountain Water. The District Court pointed to the history of the ownership after Mountain Water took over from the Montana Power Company. It rebuilt and re-equipped the water system to infuse capital into the Missoula economy. The District Court catalogued this history for the years 1979 through 1985. The Court found that the citizens long-range access to water was assured through the continued ownership by Mountain Water and that there was no substantial proof to the contrary.

None of the foregoing findings is attacked by the City as being unsupported by evidence, or clearly erroneous under Rule 52(a), M.R.Civ.P. The findings are, therefore, binding upon us.

## THE CITY'S AUTHORITY TO CONDEMN IS THE SOVEREIGN'S
## RIGHT OF EMINENT DOMAIN

The City raises two additional issues of law respecting the City's authority to condemn and the right of the sovereign to eminent domain. The issues are precluded, however, because they were determined by this Court in its first Opinion.

In stating the effect of the Montana statutes relating to eminent domain, this Court said:

> The District Court must determine, under part (2), whether it is "necessary" that the water system be taken by the City. This Court has defined "necessary" under this statute as reasonable, requisite, and proper means to accomplish the improvement. (Citing authority.) We recognize that two questions are involved: 1) Is it necessary that the City have its own water system? and, 2) Must the City take Mountain Water's property in order to have its own system? Unlike

- 13 -

the typical case involving condemnation of land for a highway, the first question here is not whether it is necessary to have the improvement, but whether it is necessary to have the improvement operated by the City instead of by private industry.

Under part (3), the District Court must determine whether the proposed use is "more necessary" than the present use. That the water already has been appropriated to a public use cannot be disputed given the broad interpretation of "appropriation to a public use" in the eminent domain statutes. See §§ 70-30-102 and 203, MCA. (Citing authority.) . . .

743 P.2d at 595.

On remand, the District Court followed our mandate, and based on its findings, concluded:

1. Section 7-13-4404, M.C.A., provides:

Before property can be taken, City must show by a preponderance of evidence that the public interest requires the taking based on the following findings:

(1) that the use to which it is to be applied is a use authorized by law;

(2) that the taking is necessary to such use;

(3) if already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use.

Considering relevant factors set out in the original findings, and these findings, including the City resolution and the public vote, the Court concludes that the City has failed to meet its burden of proving by a preponderance of the evidence that it is necessary that the City operate the Mountain Water system. Since this property is already a public utility, and hence to some degree dedicated already to a public use, it is not more necessary the City take over its operation. The public interest will be best served by the City not being permitted to condemn Mountain Water.

- 14 -

2. Having failed to carry its burden of proof, the Court now denies the City relief in this proceeding.

The decision of this Court on a former appeal, whether right or wrong, is binding alike on parties and courts in the same action. Little v. Little (1953), 127 Mont. 152, 259 P.2d 343; State ex rel. Great Northern Railway Company v. State Board of Equalization (1952), 126 Mont. 187, 246 P.2d 220; Apple v. Edwards (1949), 123 Mont. 135, 211 P.2d 138.

We hold, therefore, that the District Court properly considered the issues referred to on remand by this Court and considered those factors in determining that the City of Missoula had not established a right to condemnation of the property of Mountain Water Company. We, therefore, affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice William E. Hunt, Sr., did not participate.