DA 14-0112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 256

MINES MANAGEMENT, INC., NEWHI, INC.,
and MONTANORE MINERALS, CORP.,

Plaintiffs and Appellants,

v.

TRACIE FUS, LUCILLE PENNEY (deceased),
DESIREE HANN, WALTER LINDSEY,
MERLIN ROGERS, ROCKY BAKIE, LOUISE VOVES,
FRANK WALL, ARNOLD BAKIE, and LIBBY
CREEK VENTURES, L.L.C.,

Defendants and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 07-248
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Mark L. Stermitz, Matthew A. Baldassin; Crowley Fleck PLLP; Missoula,
Montana

For Appellees:

Stephen R. Brown, Charles E. Hansberry, Megan L. Dishong; Garlington,
Lohn & Robinson, PLLP; Missoula, Montana (for Walter Lindsey)

Amy N. Guth; Attorney at Law; Libby, Montana (for Arnold Bakie)

R.D. Watson; Watson Law Offices; Coeur d'Alene, Idaho (for Fus,
Penney, Hann, Rogers, Rocky, Bakie, Voves, and Libby Creek Ventures,
LLC)

Frank Wall, self-represented; Athol, Idaho

Submitted on Briefs:  September 3, 2014
Decided:  September 23, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Mines Management, Inc., Newhi, Inc., and Montanore Minerals Corp. (collectively, "MMC") appeal from the Judgment of the Nineteenth Judicial District Court, Lincoln County, denying their motion for substitution of judge. We affirm, restating the issue on appeal as follows:

¶2 *Did the District Court err by denying MMC's motion to substitute the presiding judge following our order remanding the case with instructions to vacate an injunction and conduct further proceedings?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On September 26, 2007, MMC sued Tracie Fus, Lucille Penney, Desiree Hann, Walter Lindsey, Merlin Rogers, Rocky Bakie, Louise Voves, Frank Wall, Arnold Bakie, and Libby Creek Ventures, L.L.C. (Defendants). MMC's suit challenged the validity of the Defendants' unpatented mining claims in Lincoln County and also asserted several tort claims. MMC possesses patented mining claims on federal land in the Cabinet Mountain Wilderness and intends to access the ore in the claims through an existing tunnel. MMC also has plans to construct two new tunnels for ventilation and emergency egress. These proposed tunnels would go under and through the unpatented mining claims of the Defendants. In January 2012, Walter Lindsey, Arnold Bakie, and MMC filed cross-motions for summary judgment on several issues, including the validity of Lindsey and Bakie's mining claims and whether MMC possessed an implied right of access. On March 12, 2013, the District Court ruled on several motions and concluded,

3

among other things, that "Defendant Lindsey's motion for summary judgment requesting injunctive relief . . . is granted." MMC then appealed to this Court.

¶4 On January 7, 2014, this Court issued an Order (January 7 Order) concluding the lower court had not made sufficient findings to support the granting of the injunction and permit appellate review. Accordingly, we remanded the matter with instructions "to vacate the subject injunction and for further proceedings." On February 5, 2014, MMC filed a motion for substitution of judge pursuant to § 3-1-804(12), MCA, which the District Court denied. The District Court ruled that substitution was unavailable because the statute was inapplicable to the proceeding at this juncture. MMC appeals.

## STANDARD OF REVIEW

¶5 A district court's determination of whether to substitute a judge is a question of law. *In re Marriage of Williams*, 2011 MT 63, ¶ 11, 360 Mont. 46, 250 P.3d 850. This Court reviews a district court's conclusions of law for correctness. *Williams*, ¶ 11.

## DISCUSSION

¶6 Did the District Court err by denying MMC's motion to substitute the presiding judge following our order remanding the case with instructions to vacate an injunction and conduct further proceedings?

¶7 Under § 3-1-804(1)(a), MCA, parties in a civil action are entitled to one substitution of a district judge if they file a motion within 30 days of the initial summons being served or after the appearance of an adverse party. Additionally, § 3-1-804(12), MCA, provides that each adverse party is entitled to file a motion for substitution of a

4

district judge after a judgment or order has been reversed or modified on appeal, or when a summary judgment or judgment of dismissal is reversed and the cause remanded. The provision states, in relevant part:

> When a judgment or order is reversed or modified on appeal and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party is entitled to one motion for substitution of district judge. The motion must be filed, with the required filing fee, within 20 calendar days after the remittitur from the supreme court has been filed with the district court. There is no other right of substitution in cases remanded by the supreme court.

Section 3-1-804(12), MCA.

¶8 MMC argues that when we remanded this case to the District Court with instructions to vacate the injunction, they were then entitled to substitution of the presiding judge. MMC reasons that because the request for an injunction was contained in Walter Lindsey's motion for summary judgment, the order to vacate the injunction necessarily reversed the summary judgment itself. MMC further explains that, even though the January 7 order did not use the word "reverse," it nonetheless operated to reverse the lower court's decision as a whole because the procedural vehicle used to obtain the injunction was the summary judgment motion, effectively making the two issues indistinguishable.

¶9 Defendants respond that the January 7 Order was not a ruling on the summary judgment itself, but was limited to addressing the injunction. Defendants offer that the summary judgment itself was not subject to an interlocutory appeal and therefore could not have been properly before this Court and subject to reversal. They summarize their

position by stating: "That the injunction was issued in the same ruling as the summary judgment does not cause them to be so intertwined as to cause the ruling on the injunction to effectively be a ruling on summary judgment."

¶10    M. R. App. P. 6(5)(a)-(b) provides that orders or judgments adjudicating fewer than all claims and orders granting partial summary judgment are not generally appealable.  The summary judgment motion that resulted in the granting of the injunction here did not address all of the issues involved in the case, and the District Court's order in response to the motion did not finally adjudicate all claims of all the parties.  Our January 7 Order explained that the appeal involved the order granting injunctive relief and that our review was confined to that issue, noting that M. R. App. P. 6(3)(e) permits appeals from an order granting an injunction.  We also cited M. R. App. P. 6(5) and stated that "the sole issue before us on appeal is whether the District Court erred when it granted the motion of defendant Walter Lindsey for injunctive relief."  Our analysis then focused on the order granting the injunction, concluding it was perfunctory and lacked the requisite findings and conclusions needed to comply with the injunction statute and to permit appellate review.  Our Order did not address the propriety or the merits of the injunction itself, but rather set it aside on these procedural grounds and instructed the District Court to consider the issue further.  The summary judgment itself was not yet ripe for appeal and was not reviewed by this Court.

¶11    When considering MMC's motion for substitution of judge, the District Court properly analyzed the January 7 Order as merely remanding the matter for further

6

proceedings to permit entry of the findings necessary for issuance of an interlocutory injunction. The January 7 Order had nothing to do with the summary judgment itself. Accordingly, upon remand, § 3-1-804(12), MCA, did not provide MMC an opportunity to request a substitution of judge, and the District Court correctly denied the motion.

¶12　Affirmed.


/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA