FILED

January 12 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0219

DA 15-0219

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 12N

LINDA M. MCCARTNEY, Beneficiary,

        Petitioner and Appellant,

   v.

CURT BARNEKOFF, Trustee,

        Respondent and Appellee.

-----------------------------------------------

BEVERLY J. OLSON; RENEE VALDEZ,
aka RENAE VALDEZ, ASHLEY M.
McCartney YORK, ALISA VALDEZ, a minor,
and ABIGAIL VALDEZ, a minor,

        Third Party Respondents
        and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADV 13-019
                Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

             Linda M. McCartney, Self-Represented, Great Falls, Montana

       For Appellees:

             Stephen R. Brown, Jr., Bosch, Kuhr, Dugdale, Martin & Kaze, PLLP,
             Havre, Montana

             Renee Valdez, Self-Represented, Great Falls, Montana
             (*Guardian of A.V. and A.V., minors*)

             Karen L. Reiff, Church, Harris, Johnson & Williams P.C.,
             Great Falls, Montana
              (*Attorney for Beverly J. Olson*)

Submitted on Briefs: December 9, 2015
Decided: January 12, 2016

Filed:

Clerk

2

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Linda McCartney (McCartney) appeals an order entered by the Eighth Judicial District Court, Cascade County, discharging Curt Barnekoff (Barnekoff) as Trustee of the Motari Trust. We affirm. We address whether McCartney's appeal is timely.

¶3 Virginia and Leonard Motari, McCartney's parents, executed the Motari Trust in 2001. Virginia predeceased Leonard, who died in 2007. Upon Leonard Motari's death, the Motari's children, McCartney and Beverly Olson (Olson) became primary beneficiaries and Barnekoff became Trustee. The Motari Trust was to be equitably divided between McCartney and Olson. The relationships between McCartney and Barnekoff and McCartney and Olson deteriorated. In January 2013, McCartney filed suit against Barnekoff for breach of trust and petitioned the District Court to divide the Motari Trust and discharge Barnekoff as Trustee. On July 15, 2014, the District Court entered summary judgment in Barnekoff's favor. On March 3, 2015, the District Court ordered Barnekoff's discharge. On March 31, 2015, McCartney filed a notice of appeal.

¶4     McCartney, appearing pro se, raises seven issues on appeal.  Restated they are:

    1.     Did Barnekoff breach his fiduciary duties?

    2.     Did the District Court deny McCartney due process by rescinding its Order granting her request for a jury trial?

    3.     Did the District Court fail to review the Motari Trust's plain language?

    4.     Did the District Court fail to act impartially?

    5.     Did the District Court err by granting Barnekoff a protective order?

    6.     Did the District Court err by failing to provide notice to the mediator?

    7.     Did the District Court err by granting Barnekoff summary judgment?

Ultimately, McCartney appears to object to the amount she received upon final distribution of the Motari Trust.  Olson received $233,096 and McCartney received $234,095 upon final distribution.  McCartney claims her parents told her she would receive her house, its mortgage and maintenance expenses would be paid for, and she would receive $2,000 each month for the rest of her life.  Barnekoff, through counsel, argues this Court lacks jurisdiction to hear the issues McCartney raises because her appeal is not timely.  Olson joined Barnekoff on appeal and both request an award of attorney's fees and costs pursuant to § 72-38-1004, MCA.

¶5     The Montana Supreme Court has appellate jurisdiction and "may make rules governing appellate procedure."  Mont. Const. art. VII, § 2(1), (3).  "In civil cases . . . the notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken."  M. R. App. P. 4(5)(a)(i).  "A party may appeal from a final judgment."  M. R. App. P. 6(1).  "A final judgment conclusively determines the rights of the parties and settles all claims in

4

controversy in an action or proceeding." M. R. App. P. 4(1)(a). Interlocutory orders are generally not appealable. M. R. App. P. 6(5)(f). "An interlocutory judgment is an order or decree that determines a preliminary or subordinate question or issue and which enables the court to render a final judgment but does not finally decide the cause." M. R. App. P. 4(1)(b).

¶6     A motion for summary judgment should be granted where the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). Orders or judgments adjudicating fewer than all claims and orders denying summary judgment or granting partial summary judgment are not appealable. M. R. App. P. 6(5)(b). However, an order granting summary judgment can be an appealable final judgment where it addresses all of the issues and adjudicates all of the claims of the parties. *See Mines Mgmt. v. Fus*, 2014 MT 256, ¶ 10, 376 Mont. 375, 334 P.3d 929; *Losleben v. Oppedahl*, 2004 MT 5, ¶ 26, 319 Mont 269, 83 P.3d 1271.

¶7     The District Court entered summary judgment in Barnekoff's favor on July 15, 2014. The District Court entered a notice of entry of summary judgment on July 17, 2014. McCartney had thirty days from which to file a notice of appeal. McCartney filed her notice of appeal on March 31, 2015, or 257 days after notice of entry of summary judgment was entered. McCartney argues her appeal is taken, not from the summary judgment order, but from the District Court's March 3, 2015, order discharging Barnekoff as Trustee. We disagree and note that each of the seven issues raised on appeal relate to McCartney's original petition and the order granting Barnekoff summary

judgment. None relate to the District Court's order discharging Barnekoff as Trustee, which McCartney requested and summary judgment required upon final distribution of the Motari Trust.

¶8 Barnekoff and Olson each request an award of attorney fees, incurred on appeal, be paid by McCartney. "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Section 72-38-1004, MCA. Barnekoff and Olson assert that, at the District Court level, McCartney aggressively pursued meritless legal claims to their, and the Motari Trust's, financial detriment and that, on appeal, McCartney's arguments are not timely. They argue an award of attorney's fees is an appropriate response. We disagree. Regardless of McCartney's actions at the District Court level, justice and equity do not require an award here simply because her appeal was not timely.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶10 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

6