Justice Ingrid Gustafson delivered the Opinion of the Court.
***69 ¶ 1 Defendant Carlyle Infrastructure Partners, LP (Carlyle) appeals from findings of fact, conclusions of law, and an order regarding Carlyle's second claim for litigation expenses filed October 20, 2017, in the Fourth Judicial District Court, Missoula County. We reverse.
¶ 2 The issue on appeal is:
Whether the District Court erred in awarding Carlyle fees from its second attorney fee request?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 This is yet another appeal from the proceeding initiated by the City of Missoula (City) to condemn via eminent domain the water system serving the City, previously owned by Mountain Water Company (Mountain *1019 Water) and its upstream holding company, Carlyle. Missoula v. Mountain Water Co. , 228 Mont. 404, 743 P.2d 590 (1987) ( Mountain Water I ); Missoula v. Mountain Water Co. , 236 Mont. 442, 771 P.2d 103 (1989) ( Mountain Water II ); Missoula v. Mountain Water Co. , 2016 MT 183, 384 Mont. 193, 378 P.3d 1113 ( Mountain Water III ); Missoula v. Mountain Water Co. , 2018 MT 114, 391 Mont. 288, 417 P.3d 321 ( Mountain Water IV ); Missoula v. Mountain Water Co. , 2018 MT 139, 391 Mont. 422, 419 P.3d 685 ( Mountain Water V ). The litigation in the 1980s focused on acquisition issues and no taking occurred. Mountain Water I , 228 Mont. at 413-14, 743 P.2d at 596 ; Mountain Water II , 236 Mont. at 454, 771 P.2d at 110. The later condemnation litigation history is well documented in Mountain Water V at ¶¶ 2-8.
¶ 4 On February 25, 2016, Carlyle submitted its first claim for fees, ***70 costs, and expenses incurred in the condemnation litigation through January 31, 2016. On April 12, 2017, following Carlyle and Mountain Water's submission of claims, full briefing, and an evidentiary hearing, the District Court issued a Final Order on Attorneys' Fees and Expenses (Fee Order I), awarding Carlyle $1,111,659.94 and Mountain Water $2,800,745.57 for fees and expenses of litigation. Fee Order I reduced Carlyle's requested fees by 35%, which this Court affirmed. Mountain Water V , ¶ 38. Fee Order I also utilized caps imposed by § 70-30-306, MCA, which this Court found could be constitutionally challenged as-applied. Mountain Water V , ¶¶ 6, 24-31, 38.
¶ 5 On December 17, 2015, Carlyle sold all its interest in the property at issue to Liberty Utilities Co. (Liberty). On June 5, 2017, the City, Mountain Water, and Liberty entered into a Settlement Agreement which resolved all claims between the City and Mountain Water unless specifically reserved. On June 22, 2017, Carlyle and Mountain Water both filed their second claims for litigation expenses incurred since January 31, 2016. In October 2017, the District Court issued its second order on attorneys' fees and costs (Fee Order II). It denied Mountain Water's fee claim because it had not reserved the right in the Settlement Agreement. Mountain Water did not appeal.
¶ 6 Fee Order II awarded Carlyle $42,939.00 of its claimed $113,673.54. The District Court found "significant overlap and duplication in the work of Defendants' attorneys, which inflated attorney's fees beyond what is reasonable and necessary," and "Carlyle's claims include matters that are not reimbursable as reasonable and necessary expenses of the litigation." The District Court found a line-by-line adjustment of fees was not feasible due to inconsistent billing practices, vague descriptions of work, and billing for matters which should not have been included as necessary expenses of the condemnation litigation, and concluded a 35% reduction in attorney's fees would be appropriate. We affirmed this same percentage reduction in Fee Order I. Mountain Water V , ¶ 38. The court awarded no costs as it found all $18,483.35 requested should not have been included as "necessary expenses of litigation." Unlike Fee Order I, Fee Order II did not reference the caps imposed by § 70-30-306, MCA. Mountain Water V , ¶¶ 6, 24-31, 38 (remanding for discovery on this issue). Also unlike Fee Order I, Fee Order II covered only time in which Carlyle was not an owner of the condemned property, as Carlyle sold its interest to Liberty on December 17, 2015.
¶ 7 In December 2017, Carlyle appealed Fee Order II (asserting the same basis for appeal it used for Fee Order I in Mountain Water V ). Also as in Mountain Water V , the Montana Department of ***71 Transportation intervened on behalf of the Attorney General and the City cross-appealed. Mountain Water V , ¶ 8.
STANDARD OF REVIEW
¶ 8 If legal authority exists to award attorneys' fees, we review a district court's grant or denial of fees for abuse of discretion. Mountain Water V , ¶ 9.
DISCUSSION
¶ 9 The parties agree the only issue in this appeal is attorneys' fees incurred from January 31, 2016, through June 22, 2017, by Carlyle.
*1020 Carlyle again asserts § 70-30-306, MCA, to be unconstitutional and the City again asserts the statute passes rational basis review.
¶ 10 The issue raised by Carlyle in this appeal is the same raised in Mountain Water V , except Carlyle had no ownership interest in the property for the entire period covered by this second appeal as Carlyle sold all its interest to Liberty December 17, 2015. Fee Order II awards fees incurred when Carlyle no longer owned the property. In its cross-appeal the City asserts the District Court erred in granting Carlyle any attorney fees related to its second motion for attorney fees because Carlyle was no longer an owner or condemnee and thus not entitled to recover attorney fees and costs. We agree.
¶ 11 Since Carlyle had no ownership interest in the condemned property during the time covered by this second appeal, it is not necessary to address the constitutionality of § 70-30-306, MCA, to determine the issue herein.
¶ 12 Montana eminent domain statutes contemplate awarding attorney's fees only to an "owner" or a "condemnee." Two legal provisions are read together to determine the availability of attorney's fees in an eminent domain case. Article II, Section 29, of the Montana Constitution provides:
Private property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into court for the owner . In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails.
(Emphasis added). The eminent domain statute on attorney fees at § 70-30-305, MCA provides:
(2) In the event of litigation and when the condemnee prevails ... by the condemnee receiving an award in excess of the final written offer of the condemnor that was rejected pursuant to the facts ***72 necessary in 70-30-111(1)(d), the court shall award necessary expenses of litigation to the condemnee .
(Emphasis added).
¶ 13 Carlyle sold its interest to Liberty on December 17, 2015, at which point Carlyle was no longer an owner and ceased being a condemnee. As it was no longer an owner or condemnee, all expenses Carlyle incurred post December 17, 2015, were not reasonable or necessary to its defense of the condemnation litigation. As such, Carlyle is not entitled to recover any of its claimed litigation expenses associated with this appeal. We reverse.
CONCLUSION
¶ 14 Carlyle was not an owner or condemnee upon sale of its interest in the water system and thus not entitled to recover its litigation expenses. The District Court erred in awarding Carlyle litigation fees it incurred entirely after the sale had been completed and it lacked any interest in the property.
¶ 15 Reversed.
We concur:
MIKE McGRATH, CJ.
LAURIE McKINNON, J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.