FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 20-0115

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 122

THE CITY OF MISSOULA,

       Plaintiff, Appellee, and Cross-Appellant,

  v.

MOUNTAIN WATER COMPANY, a Montana Corporation;
and CARLYLE INFRASTRUCTURE PARTNERS, LP,
a Delaware limited partnership,

       Defendants, Appellants, and Cross-Appellees,

  and

THE EMPLOYEES OF MOUNTAIN WATER COMPANY, et al,

       Intervenors.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV-14-352
                    Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

       For Appellant Carlyle Infrastructure Partners, LP:

           William W. Mercer, Kyle Anne Gray, Brianne C. McClafferty,
           Holland & Hart LLP, Billings, Montana

       For Appellant Mountain Water Company:

           Nicholas J. Lofing, Garlington, Lohn & Robinson, PLLP, Missoula,
           Montana

           Joe Conner, Adam Sanders, Baker, Donelson, Bearman & Berkowitz, P.C.,
           Chattanooga, Tennessee

For Appellee:

Scott M. Stearns, Natasha Prinzing Jones, Randy J. Tanner, Thomas J. Leonard, Boone Karlberg P.C., Missoula, Montana

Harry H. Schneider, Jr., Perkins Coie LLP, Seattle, Washington

William K. VanCanagan, Datsopoulos, MacDonald & Lind, P.C., Missoula, Montana

Submitted on Briefs: March 17, 2021

Decided: May 18, 2021

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Mountain Water Company and Carlyle Infrastructure Partners, LP (collectively, Owners), appeal an order issued by the Fourth Judicial District Court, Missoula County, denying a motion for substitution of judge that was made after this Court reversed the District Court's summary judgment order and remanded for further proceedings. *See City of Missoula v. Mt. Water Co.*, 2018 MT 139, 391 Mont. 422, 419 P.3d 685 (*Mountain Water III*). While Owners raise numerous issues on appeal, the dispositive issue we address is whether the District Court erred in denying Owners' motion for substitution of judge. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Since April 2014, condemnation proceedings before the District Court and this Court concerning the water supply system serving the Missoula urban area have been lengthy, complex, and contentious. The underlying facts have been adequately set forth in our prior opinions and will not be recited again, except to the extent they are necessary. *See City of Missoula v. Mt. Water Co.*, 2016 MT 183, 384 Mont. 193, 378 P.3d 1113 (*Mountain Water I*); *City of Missoula v. Mt. Water Co.*, 2018 MT 114, 391 Mont. 288, 417 P.3d 321 *(Mountain Water II); Mountain Water III; City of Missoula v. Mt. Water Co.*, 2018 MT 245, 393 Mont. 68, 427 P.3d 1018 *(Mountain Water IV)*. To address whether the District Court erred when it denied Owners' substitution motion following our reversal in

3

*Mountain Water III*, some discussion of the issues raised and considered in *Mountain Water III* is necessary.

¶3      In April 2016, Owners filed a notice of constitutional question and motion for partial summary judgment contending § 70-30-306(2) and (3), MCA, which cap reimbursement for attorney and expert fees to the prevailing party at the customary rate in the county where the case is tried, were unconstitutional facially and as-applied.[1]  The City also filed a motion for partial summary judgment arguing Owners were not the prevailing party and that the statute was constitutional.  The parties' arguments over the validity of the statute began with Article II, Section 29, of the Montana Constitution, which addresses eminent domain and provides, in relevant part, that "[i]n the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails."  Owners sought to discover the City's legal bills to establish the necessity and reasonableness of their own expenses, and to provide context and comparison in support of their argument that they must be justly compensated.  The District Court held Owners were prevailing parties with the right to be reimbursed for their necessary litigation expenses but concluded that the City's litigation costs were irrelevant to whether the Owners met the requirements of § 70-30-306, MCA.  The District Court received evidence of the customary rates of Missoula counsel in determining the statutory

---

[1] Section 70-30-306(2), MCA, states: "Reasonable and necessary attorney fees are the customary hourly rates for an attorney's services in the county in which the trial is held.  Reasonable and necessary attorney fees must be computed on an hourly basis and may not be computed on the basis of any contingent fee contract."  Section 70-30-306(3), MCA, states: "Reasonable and necessary expert witness fees may not exceed the customary rate for the services of a witness of that expertise in the county in which the trial is held."

cap and concluded § 70-30-306, MCA, was constitutional facially and as-applied. The District Court significantly reduced the amount of attorney and expert witness fees claimed by Owners.

¶4 On appeal, this Court considered whether § 70-30-306, MCA, improperly restricted the protections found within the constitutional provision. The Court determined that Owners failed to establish that no application of the statute comported with Article II, Section 29, because a condemnation case could involve a minor property owner for which the owner retains local counsel who charge at the "customary" rate for the county. The Court observed that in these scenarios the statute could constitutionally be applied, thus defeating a facial challenge. However, Owners also argued that the statutory cap, as applied to them, violated their constitutional rights to "just compensation" and reimbursement of their "necessary expenses of litigation."

¶5 The Court recognized that "[a]t the center of Property Owners' as-applied challenge to the statutory caps, and of their demonstration of necessity, was a comparison of the costs of their legal defense efforts with the costs of the City's efforts in prosecuting the action." *Mountain Water III*, ¶ 27. The Court concluded that because the District Court prohibited such discovery, Owners were not permitted to make their as-applied constitutional challenge to the statute. The Court held "given that reimbursement of 'necessary' expenses is a 'constitutional directive,' a limitation upon reimbursement of litigation expenses proven to be necessary would violate Article II, Section 29, under any level of scrutiny." *Mountain Water III*, ¶ 31. The Court reversed the District Court's summary judgment ruling that Owners had failed to meet their evidentiary burden on their as-applied

5

constitutional challenge and remanded to allow Owners discovery. The Court held: "Regarding Property Owners' as-applied constitutional challenge to § 70-30-306, MCA, we reverse and remand for further proceedings to permit Property Owners to conduct limited discovery upon which to lay the factual foundation for their claim." *Mountain Water III*, ¶ 38.

¶6 On remand, Owners filed a motion for substitution of district judge under § 3-1-804(12), MCA. The City asserted this Court remanded only for limited discovery and that § 3-1-804(12), MCA, did not apply. In August 2018, the District Court denied Owners' motion as untimely although it noted that Owners had met all the statutory filing requirements. The court further reasoned that the reversal and remand in *Mountain Water III* did "not squarely meet the description of reversal of a summary judgment" in "§ 3-1-804(12)[,] MCA."

¶7 Owners appeal the District Court's denial of their motion for substitution.

## STANDARDS OF REVIEW

¶8 "A district court's determination whether to substitute a judge is a question of law that we review for correctness." *Labair v. Carey*, 2017 MT 286, ¶ 11, 389 Mont. 366, 405 P.3d 1284 (citing *Mines Mgmt. v. Fus*, 2014 MT 256, ¶ 5, 376 Mont. 375, 334 P.3d 929).

## DISCUSSION

¶9 Substitution of district judges is governed by § 3-1-804, MCA.[2] Pursuant to

---

[2] There is no dispute that Owners complied with the filing requirements of § 3-1-804(1), MCA.

6

§ 3-1-804(1), MCA, each adverse party is entitled to one substitution of a district judge. Section 3-1-804(12), MCA, provides:

> When a judgment or order is reversed or modified on appeal and the cause is remanded to the district court for a new trial, or *when a summary judgment or judgment of dismissal is reversed and the cause remanded*, each adverse party is entitled to one motion for substitution of district judge. The motion must be filed, with the required filing fee, within 20 calendar days after the remittitur from the supreme court has been filed with the district court. There is no other right of substitution in cases remanded by this Court.

(Emphasis added.) Section 3-1-804(4), MCA, further provides: "The district judge for whom substitution is sought has jurisdiction to determine timeliness, and if the motion for substitution is untimely, shall enter an order denying the motion." "After a timely motion has been filed, the substituted district judge does not have the power to act on the merits of the case or to decide legal issues in the case." Section 3-1-804(5), MCA.

¶10 The plain language of the statute provides that when "a summary judgment . . . is reversed and the cause remanded," each party is entitled to one motion for substitution of judge. This Court's decision in *Mountain Water III* specifically held that the District Court's summary judgment motion was "reversed" and the cause "remanded" for further proceedings. Accordingly, each party had a right of substitution under § 3-1-804(12), MCA.

¶11 The City contends this Court only remanded for the limited purpose of conducting discovery and compares the remand here to *Mines Mgmt.* However, in contrast to the remand in *Mines Mgmt.* to permit entry of findings to *explain* an order, this Court ruled in *Mountain Water III* that the District Court's partial summary judgment granted to the City on Owners' as-applied constitutional challenge was "reversed." *Cf Mines Mgmt.*, ¶ 11

7

(holding this Court's "[remand] for further proceedings to permit entry of the findings necessary for issuance of an interlocutory injunction" had "nothing to do with the summary judgment itself," and thus § 3-1-804, MCA, did not apply). We cannot put a different gloss to our ruling in *Mountain Water III* than what was stated: "[r]egarding Property Owners as-applied constitutional challenge to § 70-30-306, MCA, we reverse and remand for further proceedings . . . ." *Mountain Water III*, ¶ 38. And we will not qualify what otherwise is the plain language of a statute providing for a right of substitution when a "summary judgment" order has been "reversed" and the cause "remanded." Section 3-1-804(12), MCA, is clear. The Court in *Mountain Water III* reversed the District Court's summary judgment order on Owners' as-applied constitutional challenge and remanded the cause for further proceedings, thereby invoking Owners' right of substitution under § 3-1-804, MCA.

¶12 Section 3-1-804(5), MCA, also provides that "[a]fter a timely motion has been filed, the substituted district judge does not have the power to act on the merits of the case or to decide legal issues in the case." Accordingly, all orders or rulings made by the District Court following Owners' timely motion for substitution are vacated.

## CONCLUSION

¶13 Owners were denied their right of substitution upon this Court's reversal in *Mountain Water III* of the District Court's summary judgment order. Upon Owners' timely filing of their motion, the District Court was without authority to act on the merits of the case and such order or ruling is vacated.

/S/ MIKE McGRATH

8

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR